# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 12, 2011

No. 10-30906
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RAMIRO OBREGON,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:09-CR-243-1

Before REAVLEY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Ramiro Obregon pleaded guilty to conspiracy to distribute five kilograms or more of cocaine. *See* 21 U.S.C. §§ 841, 846. The district court sentenced Obregon to the statutory minimum sentence of 120 months. *See* § 841(b)(1)(A)(ii). Obregon challenges the district court's application of a two level sentence enhancement pursuant to U.S.S.G. § 2D1.1(b)(1) based on a loaded semiautomatic handgun found in his home, i.e., the place where cocaine purchases occurred.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-30906

During the execution of a search warrant at Obregon's home, Obregon admitted to an officer that there was a gun in the house and that his brother had given it to him as a gift. Officers found the handgun in a zippered case on an upper shelf in a closet in Obregon's bedroom. Obregon asserts that he always dealt with his coconspirator, Lorenzo Jackson, in the garage of his home and not inside the home. According to Obregon, if he and Jackson entered the home, they went only to the laundry room, where they counted the money. Obregon argues that the two level increase harmed him not only by increasing his offense level but by making him ineligible for the "safety valve" provision in § 5C1.2.

Even if Obregon did not inform those he dealt with that he had the gun and did not ever display it to them, it was available and accessible to him to use as protection for himself, his drugs, and his drug proceeds. *See United States v. Vasquez*, 161 F.3d 909, 910-913 (5th Cir. 1998). The Government carried its burden of showing "that a temporal and spatial relation existed between the weapon, the drug trafficking activity, and the defendant." *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008). In addition, Obregon has not shown "that it was clearly improbable that the weapon was connected with the offense." *See United States v. Ruiz*, 621 F.3d 390, 396 (5th Cir. 2010). Thus, the district court did not clearly err in applying § 2D1.1(b)(1). *See Ruiz*, 621 F.3d at 396.

Obregon's possession of a firearm in connection with the offense makes him ineligible for a "safety valve" reduction pursuant to § 5C1.2. *See Ruiz,* 621 F.3d at 397. Accordingly, his sentence cannot be reduced below the statutory minimum of 120 months.

AFFIRMED.